UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE SCHROEDER, an individual, AND EQUITY TRUST COMPANY CUSTODIAN FBO DIANE SCHROEDER IRA,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN HUNDLEY; JASON CHAPPELL; AND DISTRESSED ACQUISITIONS,<br><br>Defendants. | Case No.: 17-CV-919 JLS (LL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION, (2) STRIKING DEFENDANTS' ANSWERS, AND (3) DIRECTING CLERK OF COURT TO ENTER DEFAULT**<br><br>(ECF No. 53) |

Presently before the Court is Plaintiffs Diane Schroeder and Equity Trust Company Custodian fbo Diane Schroeder IRA's Motion to Strike Answer and for Default and Default Judgment ("Mot.," ECF No. 53), as well as Plaintiffs' Response to Order Requesting Additional Briefing in Support of Motion ("Resp.," ECF No. 59). Defendant Stephen Hundley filed an untimely Opposition to Default & Motion to Strike/Dismiss ("Opp'n," ECF No. 65), to which Plaintiffs filed an opposition ("Reply," ECF No. 66). The Court deems this matter suitable for resolution on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered the pleadings, the Parties' arguments and evidence, and the law, the Court **GRANTS IN PART AND DENIES IN**

**PART** Plaintiffs' Motion (ECF No. 53); **STRIKES** Hundley's and Defendant Jason Chappell's Answers (ECF Nos. 15, 17); and **DIRECTS** the Clerk of Court to enter default against Hundley, Chappell, and Defendant Distressed Acquisitions.

## BACKGROUND

In 2010, Plaintiffs invested funds with a small real estate investment firm, Distressed Acquisitions, which was owned and managed by Hundley and Chappell, in exchange for assignment of mortgages to certain properties in Florida. Decl. of Diane Schroeder ("Schroeder Decl.," ECF No. 53-2) ¶ 2. Although Plaintiffs received the promised mortgage payments for a time, the checks eventually stopped. *Id.* Schroeder told Defendants that she intended to foreclose on the property, at which time Plaintiffs learned that their interest in the property had never been recorded and that Defendants had sold the property to a third party. *Id.*

Defendants agreed to a promissory note in the amount of $107,407.45 with interest at a rate of 7.5 percent per year to return Plaintiffs' investment. *Id.* The promissory note also provided for a late fee of 5 percent of any payment due, which amounts to $87.50. *Id.* Because Defendants defaulted on the promissory note, Plaintiffs filed the instant lawsuit on May 5, 2017, alleging causes of action for breach of written contract, breach of the covenant of good faith and fair dealing, breach of implied contract, negligent misrepresentation, and fraudulent misrepresentation. *Id.* ¶ 3; *see also* ECF No. 1 ("Compl.").

Defendants responded to the Complaint on May 30, 2017, requesting additional time to obtain counsel. *See* ECF Nos. 3–5. Plaintiffs filed a motion for judgment on the pleadings on June 5, 2017, *see* ECF No. 6, which both Hundley and Chappell opposed. *See* ECF Nos. 9, 11. On September 13, 2017, the Court concluded that it was inappropriate to enter judgment on the pleadings at the time but struck Defendants' answers and directed them to file answers complying with Federal Rule of Civil Procedure 8. *See* ECF No. 14. On October 13, 2017, both Hundley and Chappell timely answered the Complaint. *See* ECF Nos. 15, 17.

Magistrate Judge Jan M. Adler held case management conferences on November 27, 2017, *see* ECF No. 22; January 29, 2018, *see* ECF No. 24; March 29, 2018, *see* ECF No. 27; and May 2, 2018, *see* ECF No. 29. Magistrate Judge Adler then set a case management conference for June 15, 2018, *see* ECF No. 30, which Defendants failed to attend, *see* ECF No. 31. Magistrate Judge Adler therefore entered an Order "requiring Defendants to strictly comply with all Court Orders." See ECF No. 32. Judge Adler explicitly "**warn[ed] Defendants that sanctions may be imposed pursuant to Civil Local Rule 83.1 and any other applicable authorities for the failure to strictly comply with any future order of the Court**." *Id.* at 2 (emphasis in original). Magistrate Judge Adler also entered a Scheduling Order, setting a Mandatory Settlement Conference for May 16, 2019, *see id.* at 4, and a Final Pretrial Conference for June 27, 2019, *see id.* at 5.

During this time, Defendants failed to respond to any of Plaintiffs' discovery requests. *See* Mot. at 3. Although Plaintiffs propounded interrogatories, requests for production of documents, and requests for admission, neither Hundley nor Chappell responded. *See id.* at 3–4.

On October 29, 2018, this action was transferred from the calendar of Magistrate Judge Adler to the calendar of Magistrate Judge Linda Lopez. *See* ECF No. 34. Magistrate Judge Lopez reset the Mandatory Settlement Conference for May 8, 2019, *see* ECF No. 35, but the Parties failed to appear, *see* ECF No. 36. Magistrate Judge Lopez therefore ordered the Parties to show cause why sanctions should not be imposed and reset the Mandatory Settlement Conference for June 7, 2019. *See* ECF No. 37. She again warned the Parties that "[a] failure to comply with this Court order may result in sanctions being imposed, including, *inter alia*, monetary sanctions, dismissal, or an entry of default judgment." ECF No. 37 at 3 (citing *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1060–61 (9th Cir.), *as amended on denial of reh'g and reh'g en banc* (May 24, 2001)). Magistrate Judge Lopez subsequently granted Hundley leave to appear at the Mandatory Settlement Conference telephonically, again warning that "[a] failure to comply with this Court order may result in sanctions being imposed, including, *inter alia*, monetary sanctions, dismissal,

or an entry of default judgment." *See* ECF No. 40 at 2 (citing *Estrada*, 244 F.3d at 1060–61).

On May 30, 2019, Plaintiffs filed their memorandum of facts and contentions of law, *see* ECF No. 42, as required by the Scheduling Order. *See* ECF No. 32 at 4. Defendants failed to file their memorandum of facts and contentions of law, *see generally* Docket, or to attend the June 7, 2019 Mandatory Settlement Conference, *see* ECF No. 44. In light of "Mr. Hundley's and Mr. Chappell's continued non-compliance," Magistrate Judge Lopez imposed monetary sanctions on both, noting that "they have each been advised by the Court on at least two prior occasions (three for Mr. Hundley) that self-represented litigants must follow the same rules of procedures that govern other litigants, and that a failure to do so may result in sanctions being imposed." ECF No. 45 at 3 (citing ECF Nos. 32, 37, 40).

On June 20, 2019, Plaintiffs, Hundley, and Chappell filed a Proposed Joint Pretrial Order. *See* ECF No. 46. The Proposed Joint Pretrial Order included brief, one-paragraph statements from Hundley and Chappell. *See id.* at 3–4. Defendants asserted no affirmative defenses and listed no witnesses or exhibits. *See id.* at 7–8. Defendants then objected on the grounds that "Defendant Stephen Hundley lost everything upon losing his business and father" and "Defendant Jason Chappell has been in and out of the hospital for the past two years" and "has not been in the right state of mind." *Id.* at 12.

The Court held the Final Pretrial Conference on June 27, 2019, at which no Defendant appeared. *See* ECF No. 47. At Plaintiffs' request, the Court invited Plaintiffs to file a request for default. *See id.* On July 1, 2019, the Court received Hundley's request for a ninety-day continuance of the Final Pretrial Conference. *See* ECF Nos. 48–49. The Court denied Hundley's request as moot, *see* ECF No. 50, noting that, "although this case has been pending for over two years, it would appear that Defendants have failed meaningfully to defend this action, attend hearing[s], or comply with Court-ordered deadlines since at least June 2018," *id.* at 2 (citing ECF Nos. 31–32, 36, 44–45). The Court therefore reiterated:

///

4

17-CV-919 JLS (LL)

> Failure of . . . any party to comply with the[ District's Local R]ules, with the Federal Rules of Civil . . . Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, . . . entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

*Id.* at 2–3 (quoting S.D. Cal. CivLR 83.1(a)).

Plaintiffs filed the instant Motion on August 26, 2019. *See generally* ECF No. 53. On February 12, 2020, the Court requested additional briefing concerning the factors to be weighed in ruling on a motion for entry of default for failure to comply with court orders, specifically the availability of less drastic sanctions. *See generally* ECF No. 55. After receiving a three-week extension of time, *see* ECF Nos. 56, 57, Plaintiffs filed their Response on March 18, 2020. *See* ECF Nos. 59, 60 ("Mirch. Decl.").

On March 24, 2020, the Court received a motion to continue filed by Chappell, seeking "a continuance of 45–60 days so that Defendant Jason M Chappell can heal, become financially stable, and retain an attorney." *See generally* ECF No. 62. On April 1, 2020, Hundley filed his untimely Opposition, *see generally* ECF No. 65, to which Plaintiffs filed a Reply on April 8, 2020, *see generally* ECF No. 66.

## LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *as amended* (May 22, 1992). A court also may impose sanctions, including dismissal and default, where a party fails to comply with a discovery-related order, Fed. R. Civ. P. 37(b)(2)(A)(v)–(vi); fails to respond to discovery, Fed. R. Civ. P. 37(d)(3); fails to appear at a scheduling or other pretrial conference, Fed. R. Civ. P. 16(f)(1)(A); or fails to obey a scheduling or other pretrial order, Fed. R. Civ. P. 16(f)(1)(C). District courts also "have inherent power to control their dockets" and, "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or

///

dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961)), *cert. denied*, 107 S. Ct. 112 (1986).

"Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Id.* (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam); *Indus. Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970)). Such circumstances include "failure to comply with pretrial procedures mandated by local rules and court orders." *Id.* (citing *Buss v. W. Airlines, Inc.*, 738 F.2d 1053 (9th Cir. 1984), *cert. denied*, 469 U.S. 1192 (1985); *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328 (9th Cir. 1981); *Transam. Corp. v. Transam. Bancgrowth Corp.*, 627 F.2d 963 (9th Cir. 1980)). Because dismissal is such a severe remedy, however,

> [a] district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson*, 782 F.2d at 831).

## ANALYSIS

### I. Plaintiffs' Motion

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs request that the Court issue "an Order striking the Defendants' Answers, defaulting the Defendants, and ent[ering] . . . judgment against all Defendants." *See* Mot. at 1. Because default has not been entered, however, the Court concludes that Plaintiffs seek dismissal for failure to comply with a Court Order. The Court therefore applies the factors articulated by the Ninth Circuit in *Malone*, which Plaintiffs addressed in their additional briefing. *See generally* Resp.

///

Here, "[t]he first two dismissal factors . . . support . . . dismiss[al] . . . [because Defendants'] dilatory conduct greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule." *Malone*, 833 F.2d at 131 (citing *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331–32 (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987)).

The prejudice to Plaintiffs also weighs in favor of striking Defendants' answers and entering default. "Plaintiffs have suffered prejudice in that defendant[s'] . . . non-participation in this litigation prevents plaintiffs from further prosecuting their claims." *Animal Blood Bank, Inc. v. Hale*, No. 2:10-CV-02080 KJM, 2012 WL 2160960, at *3 (E.D. Cal. June 13), *report and recommendation adopted*, 2012 WL 13035477 (E.D. Cal. Aug. 21, 2012). "Defendant[s'] . . . delay of this litigation is unreasonable, and is thus presumed to be prejudicial." *Id.* (citing *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)).

As for the consideration of less drastic alternatives,

> the following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

*Malone*, 833 F.2d at 132. "[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." *Id.* (collecting cases). "Finally, the case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Id.* (collecting cases).

Here, Defendants have failed to respond to discovery requests, *see* Mot. at 3; failed to respond to an order to show cause, *see* ECF Nos. 37, 45; been ordered to pay monetary sanctions, *see* ECF No. 45; and been warned—repeatedly—that failure to comply with

Court Orders could result in sanctions up to, and including, dismissal, *see* ECF Nos. 32, 37, 40, 45, 50. Nonetheless, Defendants failed to appear for the final pretrial conference, *see* ECF No. 47, or to timely to respond to the instant Motion. "[T]he court has actually pursued remedies that are less drastic than a recommendation of dismissal," to no avail. *See Animal Blood Bank, Inc. v. Hale*, No. 2:10-CV-02080 KJM, 2012 WL 2160960, at *4 (E.D. Cal. June 13) (citing *Malone*, 833 F.2d at 132), *report and recommendation adopted*, 2012 WL 13035477 (E.D. Cal. Aug. 21, 2012). Accordingly, "[a]t this point, the undersigned finds no suitable alternative to . . . default and dismissal." *See id.*

"Although th[e fifth dismissal] factor weighs against dismissal, it is not sufficient to outweigh the other four factors, which in this case support dismissal." *See Malone*, 833 F.2d at 133. Accordingly, the Court concludes that default is appropriate. *See, e.g.*, *PNC Equip. Fin. LLC v. Cal. Fairs Fin. Auth.*, No. CV116248MMMDTBX, 2013 WL 12128689, at *2 (C.D. Cal. June 13, 2013) ("In light of the arguments contained in [the plaintiff]'s motion, as well as [the defendant]'s failure to appear and to comply with court orders, its failure to respond to the court's order to show cause, and its failure to file [an] opposition to [the plaintiff]'s motion to strike, the court grants the motion, and directs the clerk to strike [the defendant]'s amended counterclaim and its answer, and enter its default on [the plaintiff]'s claims against it.") (collecting cases).

## II. Hundley's Opposition

As Plaintiffs note, *see* Reply at 2, Hundley's opposition was neither timely nor responsive to the Motion. Instead, Hundley argues that: (1) Plaintiffs are barred from litigating about the Bradenton deal because of a settlement agreement; (2) Plaintiffs' claims are time-barred; (3) it is impossible for Plaintiffs to prove fraud; and (4) Plaintiffs have failed to satisfy the amount-in-controversy requirement because they have included interest, fees, and penalties. *See generally* Opp'n at 3–7. Hundley therefore requests that these allegations be stricken from Plaintiffs' Complaint and/or that Plaintiffs' Complaint be dismissed. *See id.* at 7.

/ / /

Defendant Hundley's opportunity to move to strike or to dismiss the Complaint has long expired; nonetheless, the Court concludes that Hundley's arguments are without merit. First, Plaintiffs' claim is for breach of the "settlement," which was actually a promissory note. *See* Reply at 3–5 (quoting Compl. ¶¶ 13–28). The failure to make payments consistent with the promissory note is a breach of contract supporting a new, actionable claim for breach of contract separate and apart from the underlying investment transaction.

Second, Hundley applies the wrong statute of limitations and calculates the limitations period from the wrong date. Section 1658 of Title 28 of the United States Code applies to "civil action[s] arising under an Act of Congress." *See* 28 U.S.C. § 1658(a). Here, Plaintiffs allege only claims arising under California law. *See generally* Compl. The proper statutes of limitations are therefore provided by California law. As Plaintiffs note, *see* Reply at 7–11, the applicable statutes of limitations are four years for breach of written contract, *see* Cal. Civ. Proc. Code § 337; two years for breach of implied contract, *see* Cal. Civ. Proc. Code § 339; and three years for fraud, *see* Cal. Civ. Proc. Code § 338(d). Further, the date from which the limitations period is calculated is the date on which Defendants made their last payment pursuant to the promissory note (May 15, 2015) or, for the fraud claims, the date through which Defendants made misrepresentations to Plaintiffs (sometime in 2016). *See* Reply at 7–11. Each of Plaintiffs' claims, filed on May 5, 2017, *see* Compl., is therefore timely.

Third, a claim for fraud does not require Plaintiffs to prove that they could predict the future; rather, Plaintiffs need only establish "(a) misrepresentation (false representation, concealment, or *nondisclosure*); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997)) (emphasis in original). Plaintiffs' Complaint includes such allegations, *see* Compl. ¶¶ 65–87, with the requisite specificity, *see* Fed. R. Civ. P. 9(b).

///

Fourth and finally, Plaintiffs adequately allege an amount in controversy exceeding $75,000 for purposes of establishing jurisdiction pursuant to section 1332 of Title 28 of the United States Code. The $106,296.24 alleged in Plaintiffs' Complaint were contractual damages calculated before prejudgment interest, and although the amount included interest and penalties accruing under the terms of the promissory note, those amounts are properly included in the contractual damages. *See* Wright & Miller, 14AA Federal Practice and Procedure § 3712 (4th ed.) ("[I]nterest due on . . . interest bearing instruments should be includible for amount in controversy purposes. . . . Interest also may be included when it can be considered a penalty and therefore a damage element."); *see also Edwards v. Bates Cnty.*, 163 U.S. 269, 272–73 (1896). In any event, Plaintiffs also allege damages for emotional distress and punitive damages that well exceed the jurisdictional threshold. *See* Compl. at Prayer ¶¶ 1, 4–5.

Accordingly, Hundley's arguments in opposition do not change the Court's conclusion that default is warranted, and Hundley is not entitled to the relief he requests.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion (ECF No. 53). Specifically, the Court **DIRECTS** the Clerk of Court to **STRIKE** Hundley's and Chappell's Answers (ECF Nos. 15, 17) and to **ENTER** default against Hundley, Chappell, and Distressed Acquisitions. Plaintiffs **MAY RENEW** their motion for default judgment in accordance with Civil Local Rule 55.1.

**IT IS SO ORDERED.**

Dated: November 5, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge