UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE SCHROEDER, an individual; and EQUITY TRUST COMPANY CUSTODIAN FBO DIANE SCHROEDER IRA,<br><br>                              Plaintiffs,<br><br>v.<br><br>STEPHEN HUNDLEY; JASON CHAPPELL; and DISTRESSED ACQUISITIONS,<br><br>                              Defendants. | Case No.:  17-CV-919-JLS (JMA)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT JASON CHAPPELL'S MOTION TO REQUEST CIVIL GIDEON RIGHTS**<br><br>(ECF No. 76) |

Presently before the Court is Defendant Jason Chappell's Motion to Request Civil Gideon Rights ("Mot.," ECF No. 76), which the Court construes as a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).  The Motion indicates that Mr. Chappell is "unemployed" and "ha[s] no assets that [he] is able to liquidate" to pay an attorney to represent him, and accordingly Mr. Chappell requests the Court to appoint counsel "[i]n accord with [his] Civil Gideon Rights." *Id.* at 1.

There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs*., 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.

2009). Rather, the appointment of counsel in a civil case "is a privilege and not a right." *U. S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citing *Wright v. Rhay*, 310 F.2d 687 (9th Cir. 1962)). And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), the Court is only empowered to exercise that discretion if the litigant is "unable to afford counsel," 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person *unable to afford counsel*.") (emphasis added). "When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Mr. Chappell does not provide an affidavit verifying with some particularity his claim of poverty. The Court directs Mr. Chappell to Form CJA 23, "Financial Affidavit in Support of Request for Attorney, Expert, or Other Services Without Payment of Fee," *available at* https://www.casd.uscourts.gov/_assets/pdf/forms/Financial%20Affidavit.pdf (last visited Mar. 24, 2021), which will provide the Court with adequate factual information concerning Mr. Chappell's income, assets, obligations, and debts to assess whether he is sufficiently indigent for the Court to assess any request for appointment of counsel on the merits. However, the Court notes that, even if Mr. Chappell provides the Court with the requested financial information, Mr. Chappell is only entitled to appointment of counsel if he can establish "exceptional circumstances," which "requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Washington v. Rowland*, 29 F.3d 638 (9th Cir. 1994) (citations and internal quotation marks omitted). Further, the Ninth Circuit has held that, "[i]n civil actions for damages . . . appointment of counsel should be allowed only in exceptional cases." *Broadnax v. Bureau of Prisons*, 841 F.2d

1128 (9th Cir. 1988) (citing *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965)). Thus, even if Mr. Chappell furnishes the Court with the requested financial information, Mr. Chappell's request for counsel will not be granted as a matter of right.

In light of the foregoing, the Court **DENIES** Mr. Chappell's Motion (ECF No. 76), **WITHOUT PREJUDICE** to Mr. Chappell filing an adequately supported motion to appoint counsel.

**IT IS SO ORDERED.**

Dated: March 29, 2021

Hon. Janis L. Sammartino
United States District Judge